IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA ANN M., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:20-cv-5502 <br><br> Judge James L. Graham <br><br> Magistrate Judge Kimberly A. Jolson |

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court for consideration of Plaintiff's untimely objections to the January 11, 2022, Report and Recommendation of Magistrate Judge Jolson to whom this case was referred pursuant to 28 U.S.C. § 636(b). (ECF No. 29.)  Because Plaintiff is proceeding pro se and did not identify any specific errors with the Administrative Law Judge's (the "ALJ's") decision, Magisrtate Judge Jolson "carefully reviewed the ALJ's decision to determine whether the ALJ's critical findings of fact were made in compliance with the applicable law and whether substantial evidence support[ed] those findings." (*Id.* at 1011.)  After reviewing the evidence, Magistrate Judge Jolson found that substantial evidence supported the ALJ's decision and recommended that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner of Social Security's decision. (*Id.* 1015–16.)

The Report and Recommendation specifically advised the parties that failure to object to the Report and Recommendation within fourteen (14) days "will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and

Recommendation." (*Id.* at 1016.) The deadline for filing objections to the Report and Recommendation had already expired when the Court received Plaintiff's objections on February 1, 2022. (ECF No. 32-1 at 1024.) Accordingly, her objections are denied as untimely. Nevertheless, the Court will in the alternative, in light of the fact that Plaintiff is proceeding pro se, also address her objections on their merits.

## II. BACKGROUND

Plaintiff filed her application for Disability Insurance Benefits ("DIB") on January 2, 2018 and Supplemental Security Income ("SSI") on April 11, 2018, alleging disability beginning February 18, 2017, due to chronic pain, chronic obstructive pulmonary disease ("COPD"), osteoarthritis nerve entrapment, low back pain, degenerative disc disease, anemia, diverticulitis, carpal tunnel, and a heart murmur. (Tr. 236–48, 274, ECF No. 15-2 at 214–226, 288.) After her applications were denied initially and on reconsideration, the ALJ held a hearing on September 24, 2019. (*Id.* at 36–62.) Plaintiff was represented by counsel at the hearing. (*Id.* at 19.)

On November 19, 2019, the ALJ issued a decision denying Plaintiff's applications for benefits. (*Id.* at 16–35.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1–6.)

## III. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This means that the Court must examine the relevant evidence and make its own determination as to whether the ALJ's decision "is supported by substantial evidence . . . pursuant to the proper legal standards." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

The standard for substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). In determining whether the Commissioner's findings are supported by substantial evidence, this Court must consider the record as a whole. *Garner v. Heckler,* 754 F.2d 383, 388 (6th Cir. 1978). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkens v. Sec'y of Health & Human Servs.,* 658 F.2d 437, 439 (6th Cir. 1981). The Commissioner's decision is not subject to reversal if the Court would have reached a different conclusion sitting as the trier of fact. *Id.* The Commissioner's decision must stand when supported by substantial evidence. *Id.* Even when there is also substantial evidence in the record to support a different conclusion, the Commissioner's decision is not subject to reversal. *Buxton v. Halter, Comm'r of Soc. Sec.,* 246 F.3d 762, 772 (6th Cir. 2001). Nevertheless, an ALJ's failure to follow the rules and regulations denotes a lack of substantial evidence. *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (citing *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 407 (6th Cir. 2009)); *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 374 (6th Cir. 2013), *reh'g denied* (May 2, 2013).

IV. **PLAINTIFF'S OBJECTIONS**

    **A. Plaintiff's First Objection – the Parking Lot Observation**

In her first objection, Plaintiff once again takes issue with one of the medical examiner's observations of her behavior in the parking lot following a 2014 office visit. (ECF No. 32 at 1020; ECF No. 21 at 955.) But as the ALJ previously stated, "[t]his opinion is of limited persuasive value because it was rendered several years before the relevant time period, and it is not fully consistent with the later medical records that reflect additional limitations." (Tr. 28, ECF No. 15-

3

2 at 87.) These observations were therefore non-determinative of the ALJ's decision denying Plaintiff's application for benefits.

Furthermore, under 20 C.F.R. § 404.1520c, an ALJ is required to consider and articulate how persuasive he or she finds the medical opinions in a claimant's case record, and the ALJ correctly did so here. Magistrate Judge Jolson similarly found that the medical examiner's parking lot observations were not a part of the ALJ's decision denying Plaintiff's application for benefits. Plaintiff's first objection is therefore overruled.

### B. Plaintiff's Second Objection – the Documents

Plaintiff's next objection concerns two documents she "would like [to] enter into evidence for the Court to examine." (ECF No. 32 at 1020.) Plaintiff claims that these documents are tests and a study ordered by her former employer, which Plaintiff submits in response to Magistrate Judge Jolson's discussion of the ALJ's consideration of the state agency physicians' determination that based on their review of the medical evidence, "Plaintiff could perform a range of light work despite her impairments." (ECF No. 29 at 1014) (citing Tr. 94–109, 111–130, 131–150.)

The first document is a one-page, unsigned printout that shows a claimant statement date of "4/15/14" followed by a question mark. (ECF No. 32 at 1023.) Plaintiff claims that this document is an evaluation conducted by her former employer, which determined, "Although frequent keyboarding and fingering are within occupational demands, the claimant would not have control over her schedule to allow for up to 5 minute breaks after 15 minutes of typing in a call center environment. As such, the occupational requirements would not be within the claimant's current capacity." (*Id.*) Plaintiff claims that this document demonstrates that her former "employer [] agreed my medical symptoms and condition, no longer allowed me to perform my work

4

responsibilities." (*Id.* at 1020.) Plaintiff further claims that she was working as a part-time employee during this time period. (*Id.*)

According to Plaintiff's self-reported work history, this was not the last position she held prior to filing her 2018 benefits applications alleging disability beginning February 18, 2017. (Tr. 344.) Her wage summary records also reflect multiple positions following her employment with this former employer. (*Id.* at 262.)

The second document is a standalone document with handwritten responses and without a doctor's signature, which purports to be from Mark A. White, M.D for treatment on January 15, 2013, February 26, 2013, and June 25, 2013. (ECF No. 32 at 1022.) Without specifying a condition, the answer "yes" is checked to the question: "Is the employee unable to perform any of his/her job functions due to the condition:" The document then states, "If yes, identify the job functions the employee is unable to perform:" The handwritten response to this question is "During episodic episodes." The document is not dated and appears to concern "requested leave under the FLMA." (*Id.*)

After carefully considering the entire record, including numerous pieces of evidence dated years after the dates reflected in the two documents submitted for the Court's consideration, the ALJ determined that Plaintiff "has the residual functional capacity to perform sedentary work . . . [and] requires the use of an ergonomic wrist support when typing." (*Id.* at 25.) The ALJ also relied on the testimony of a vocational expert in making her determination. (*Id.*) The vocational expert "testified that an individual with the claimant's age, education, work history and [] residual functional capacity would be able to perform work as a customer complaint clerk as actually and generally performed." (*Id.* at 29.) The ALJ therefore determined that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find

5

that the claimant was able to perform her past relevant work as a customer complaint clerk as actually and generally performed," and concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

The residual functional capacity assessment is the most a claimant can do despite his or her limitations and is an administrative finding, not a medical opinion. 20 C.F.R. §§ 404.1545(a), 404.1546(c). In reaching her decision, the ALJ considered the medical evidence, the state agency reviewers' opinions, and Plaintiff's daily activities.

The Court's "role is not to resolve conflicting evidence in the record," but to instead "focus on whether substantial evidence supports the Commissioner's decision." *Wright v. Massanari*, 321 F.3d 611, 614–615 (6th Cir. 2003). "If substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As the ALJ relied on substantial evidence that supports her decision, Plaintiff's second objection is therefore overruled.

Moreover, there is no evidence that Plaintiff, with the previous assistance of counsel, submitted these documents for the ALJ's consideration at her September 2019 hearing. Evidence is new if it was "not . . . available to the claimant at the time of the [hearing]." *Prater v. Comm'r of Soc. Sec.,* 235 F. Supp. 3d 876, 880 (N.D. Ohio 2017) (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 626, (1990)). Plaintiff's objection does not show this Court that the information contained in either her former employer's evaluation document or the Dr. White document is new, because nothing in her objection indicates that the substance of these statements would not have been available to Plaintiff at the time of her hearing. Because this evidence is not new, it does not meet

6

the standard for remand under 42 U.S.C. § 405(g). For this reason, Plaintiff's objection is also overruled.

## V. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (ECF No. 32) and **ADOPTS** Magistrate Judge Jolson's Report and Recommendation (ECF No. 29). Plaintiff's Statement of Errors is therefore **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. Accordingly, this action is **DISMISSED**.

**IT IS SO ORDERED**.

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 7, 2022